UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEFFREY JOEL JUDY, )
an individual, )
  )    CASE NO.:
         Plaintiff, )
vs. )
  )
N. D. YOUNG, LLC, )
a Florida Limited Liability Company, )
  )
         Defendant. )
_____ )

## COMPLAINT

Plaintiff, JEFFREY JOEL JUDY (hereinafter "Mr. Judy" or "Plaintiff"), through his undersigned counsel, hereby files this Complaint and sues N. D. YOUNG, LLC, a Florida Limited Liability Company, for injunctive relief, attorney's fees and costs pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 et seq., ("ADA"), and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3. Plaintiff is a resident of the State of Florida in Lee County.

4. Plaintiff was injured in a motorcycle accident and is paralyzed from the waist down. Additionally, Plaintiff is a double leg amputee. Due to his injuries, Mr. Judy is a T8-T9 paraplegic and uses a wheelchair for his primary means of mobility.

5.     Due to the disability, Plaintiff is substantially impaired in several major life activities including walking, standing and bending and requires a wheelchair for mobility.

6.     Defendant N. D. YOUNG, LLC, a Florida Limited Liability Company (hereinafter "Defendant"), is registered to do business in the State of Florida.  Upon information and belief, Defendant is the owner, lessor and/or operator of the real property and improvements which are the subject of this action, to wit: Coralwood Shopping Center, generally located at 2323 Del Prado Blvd S, Cape Coral, FL 33990 (referred to herein as the "Property").  Defendant is responsible for complying with the ADA.

7.     All events giving rise to this lawsuit occurred in the Middle District of Florida.

### COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8.     Plaintiff realleges and reavers the preceding Paragraphs as if they were expressly restated herein.

9.     The Property, a shopping center, is open to the public and provides goods and services to the public.

10.     Plaintiff has visited the Property numerous times over the past two years and attempted to utilize the goods and services offered at the Property.  Plaintiff's most recent visit occurred on October 4, 2019.

11.     During each of his visits to the Property, Plaintiff encountered serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed herein.

12.     Despite the accessibility issues, Plaintiff continues to desire to visit the Property, but fears that he will again encounter serious difficulty due to the barriers discussed herein. However, but for the architectural barriers, Plaintiff would visit the Property more often.

13.     Plaintiff plans to and will visit the Property in the near future to utilize the goods and services offered thereon because he likes the stores located there and because it is conveniently located less than ten miles from his residence.

14.     Defendant is in violation of 42 U.S.C. § 12182 et seq. and 28 C.F.R. § 36.304 et seq. and is discriminating against the Plaintiff due to, but not limited to, its failure to provide and/or correct, the architectural barriers to access discussed below, which were personally encountered and which hindered Plaintiff's access to the Property:

A.     Plaintiff encountered several disabled use parking spaces near Cricket Wireless and Dollar General which were not accessible due to due ramps improperly protruding into their access aisles and excessive slopes of over 1:48. Due to this issue, Plaintiff is deterred from using these parking spaces.

B.     Plaintiff encountered several disabled use parking spaces with confusing access aisles near Cricket Wireless due to wheel-stops placed in the front of the access aisles. This improperly creates the illusion that the access aisle is a standard parking spot. Due to this issue, Plaintiff is deterred from using these parking spaces.

C.     Plaintiff encountered inaccessible sidewalk ramps which have slopes well in excess of 1:12 near JP Sports and along the rear parking lot of the Property. Additionally, other curb ramps and ramps throughout the Property have pavement in disrepair. Due to this issue, Plaintiff had to use extra caution on some ramps and had to completely avoid other ramps throughout the Property out of fear that he could fall.

      D.     Plaintiff encountered an inaccessible restroom in the JP Sports store due to excess merchandise and other clutter that is stored in the restroom. This decreased the clear floor space in the restroom to the point where Plaintiff could not maneuver his wheelchair properly to use the restroom.

      E.     Plaintiff encountered inaccessible sidewalks near the JP Sports store due to excessive slopes along the route. This caused Plaintiff to use extra caution and to minimize use of this area to avoid a fall.

15. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16. Independent of his intent to return as a patron of the Property, Plaintiff additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17. Removal of the barriers to access located at the Property would allow Plaintiff to fully utilize the goods and services located therein.

18. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs, and expenses paid by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against Defendant, and requests the following injunctive and declaratory relief:

      A.     That the Court declares that the Property owned and operated by Defendant is in violation of the ADA;

B.     That the Court enters an Order directing Defendant to alter its facility to make it accessible and useable by individuals with disabilities to the full extent required by the ADA;

C.     That the Court enters an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures.

D.     That the Court awards reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E.     That the Court awards such other and further relief as it deems necessary, just and proper.

Dated: October 7, 2019

Respectfully Submitted,

KU & MUSSMAN, P.A.
18501 Pines Boulevard, Ste. 209-A
Pembroke Pines, Florida 33029
Tel: (305) 891-1322
Fax: (305) 891-4512
louis@kumussman.com
brian@kumussman.com

By____/s/ Louis Mussman_____
Louis I. Mussman
(FL Bar #: 597155)
Brian T. Ku
(FL Bar # 610461)
Attorneys for Plaintiff